J-S06016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: G.M.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: K.F.C., FATHER | : | |
| | : | No. 3302 EDA 2017 |

Appeal from the Decree September 12, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-AP-0001166-2016

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED MARCH 05, 2018**

K.F.C. ("Father") appeals from the decree involuntarily terminating his parental rights to his minor child, G.M.C. ("Child"). Father challenges the sufficiency of the evidence. We affirm.

The Philadelphia Department of Human Services ("DHS") first became aware of Child and her family shortly after Child's birth in August 2015, when it received a report indicating that both Child and her mother ("Mother") had tested positive for opiates at Child's birth. Trial Court Opinion, 11/3/17, at 1. DHS filed a dependency petition for Child and the court held a hearing on October 14, 2015, which neither Mother nor Father attended. *Id.* at 2. The court adjudicated Child dependent based on Mother's and Father's then-present inability to care for Child and granted full legal custody to DHS. *Id.* The court granted both Mother and Father weekly supervised visits with Child. *Id.*

DHS then, on December 1, 2016, filed a petition to terminate Father's parental rights. At a hearing, DHS presented the testimony of the Community Umbrella Agency ("CUA") case manager, Michael Flanagan. He testified that Father's Single Case Plan ("SCP") objectives were to obtain housing; enroll in a dual diagnosis treatment program for substance abuse and mental health; maintain contact with Flanagan and the CUA; and to participate in visitation. Notes of Testimony ("N.T."), 9/12/17, at 8. Flanagan stated, however, that Father did not meet any of his SCP objectives. *Id.* He testified that Father's home was inappropriate, and he was unable to refer Father for treatment because he did not maintain contact with the CUA. *Id.*

Flanagan further testified that it is his belief that Child is not bonded with Father. *Id.* at 12. He said that although Father was offered supervised visitation with Child at the CUA, Father did not participate in visits. *Id.* at 9. Flanagan also explained that Child has lived with maternal grandfather since she was only a few days old, knows her maternal grandfather as her parent figure, and would not suffer irreparable harm if Father's parental rights were terminated. *Id.* at 13. Father did not attend the hearing, and his counsel, who appeared on his behalf, presented no evidence.

Following the hearing, the trial court entered a decree involuntarily terminating Father's parental rights, and entered an order changing the goal to adoption. Father filed a timely Notice of Appeal to this Court.

Father raises six issues for our review:

1.  Whether the trial court committed reversible error, when it involuntarily terminated Father's parental rights where such determination was not supported by clear and convincing evidence under the adoption act, 23 P[a].C.S.A. §2511(a)(1)[;]

2.  Whether the trial court committed reversible error, when it involuntarily terminated Father's parental rights where such determination was not supported by clear and convincing evidence under the adoption act, 23 P[a].C.S.A. §2511(a)(2)[;]

3.  Whether the trial court committed reversible error, when it involuntarily terminated Father's parental rights where such determination was not supported by clear and convincing evidence under the adoption act, 23 P[a].C.S.A. §2511(a)(5)[;]

4.  Whether the trial court committed reversible error, when it involuntarily terminated Father's parental rights where such determination was not supported by clear and convincing evidence under the adoption act, 23 P[a].C.S.A. §2511(a)(8)[;]

5.  Whether the trial court committed reversible error when it involuntarily terminated Father's parental rights without giving primary consideration to the effect that the termination would have on the developmental, physical and emotional needs of the child as required by the [A]doption [A]ct pursuant to 23 P[a].C.S.A. §2511(b)[;]

6.  Whether the trial court erred because the evidence was overwhelming and undisputed that Father demonstrated a genuine interest and sincere, persistent, and unrelenting effort to maintain a parent-child relationship with his child.

Father's Brief at 8.

When considering an appeal from an order involuntarily terminating parental rights, we accept as true the trial court's findings of facts so long as they are supported by the record, and then determine whether the trial court made an error of law or abused its discretion in rendering its decision. ***In re***

*Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012). A trial court's decision constitutes an abuse of discretion only if it is manifestly unreasonable or is the product of partiality, prejudice, bias, or ill-will. *Id.*

The party petitioning for termination bears the burden of proving all elements of the termination petition by clear and convincing evidence. *In re C.S.*, 761 A.2d 1197, 1201 (Pa.Super. 2000) (*en banc*). Clear and convincing evidence is evidence that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *Id.* (quoting *Matter of Adoption of Charles E.D.M., II*, 708 A.2d 88, 91 (Pa. 1998)).

The termination of parental rights is governed by 23 Pa.C.S. § 2511, which requires a two-step analysis. In the first step, the party seeking termination must prove by clear and convincing evidence that the parent's conduct meets at least one of the 11 grounds for termination set forth in Section 2511(a). *In re L.M.*, 923 A.2d 505, 511 (Pa.Super. 2007). If the court determines that the petitioner has proven at least one of the provisions of Section 2511(a), only then does it proceed to the second step. *Id.* In the second step, the court must determine whether, considering the child's developmental, physical, and emotional needs and welfare, termination is in the best interests of the child. 23 Pa.C.S. § 2511(b); *In re Adoption of S.P.*, 47 A.3d at 830. In conducting this analysis, the court should examine the emotional bond between parent and child, with close

attention to the effect that permanently severing any such bond will have on the child. *In re L.M.*, 923 A.2d at 511.

Father argues that the trial court erred and/or abused its discretion in terminating his parental rights under Section 2511(a)(2) because he has the present capacity to care for Child. He notes that past incapacity alone is not a sufficient basis for involuntary termination, citing, *In re Adoption of A.N.D.*, 520 A.2d 31 (Pa.Super. 1986). He further argues that he was "allegedly" current with his SCP goals of drug and alcohol and mental health treatment, and visitation. Father's Brief at 18. Father contends he has done so with the intent of being reunified with Child.

We conclude that the trial court did not commit an error of law or abuse its discretion in concluding that subsection 2511(a)(2) was met. Here, competent evidence of record supports the trial court's decree. In view of the CUA caseworker's testimony summarized above, we cannot say that the trial court abused its discretion in finding that that Father's repeated and continued incapacity, abuse, neglect, or refusal has caused Child to be without essential parental control or subsistence necessary for her physical and mental well-being. *See In re Adoption of M.E.P.*, 825 A.2d 1266, 1272 (Pa.Super. 2003) (concluding subsection 2511(a)(2) was met where trial court credited psychologist's testimony regarding mother's failure to perform parental duties and inability to learn to perform them in future).

Subsection 2511(a)(2) provides:

> **(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> . . .
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S. § 2511(a)(2).

To terminate under subsection 2511(a)(2), the court must find three elements by clear and convincing evidence: (1) the parent's repeated and continued incapacity, abuse, neglect or refusal; (2) such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control, or subsistence necessary for the child's physical or mental well-being; and (3) the parent cannot or will not remedy the causes of the incapacity, abuse, neglect, or refusal. *See In re Adoption of M.E.P.*, 825 A.2d at 1272.

In addition, the fact that Child was removed from Father's custody due to his inability to care for her approximately two years before the hearing, together with the evidence of Father's present incapacity, supports the conclusion that Father cannot or will not remedy the situation. *See id.* Because the court below considered evidence of both past and present

conduct in reaching its decision, Father's reliance on **In re Adoption of A.N.D.** is misplaced. **In re Adoption of A.N.D.**, 520 A.2d at 35 ("The court in its formulation, however, combined past evidence of incapacity with a finding of current incapacity and refusal.").

Because we reject Father's argument that subsection 2511(a)(2) was not satisfied - *i.e.*, we conclude that issue number 2 above lacks merit - we need not address Father's arguments disputing the trial court's determination that other subsections of Section 2511(a) were also met (*i.e.*, issues 1, 3, and 4 above). **See In re B.L.W.**, 843 A.2d 380, 384 (Pa.Super. 2004) (*en banc*) (stating that on appeal, this Court need only conclude that trial court properly terminated pursuant to one subsection of Section 2511(a), even though trial court also relied on other subsections).

In his fifth and sixth issues, Father argues that the trial court erred and/or abused its discretion in concluding that the best interests of the child standard under Section 2511(b) was met. He observes that in **In re: P.A.B.**, 570 A.2d 522 (Pa.Super. 1990), we found it significant that the parental bond, once destroyed by termination, would be replaced by another bond. Father argues that the best interests standard was not met here because cutting the bond between Father and Child would not facilitate putting another bond in its place.

The record supports the trial court's conclusion under Section 2511(b) that the best interests of the child support termination of Father's parental

rights. Our decision in **P.A.B.** affords no support to Father's arguments. Here, unlike in **P.A.B.**, the trial court concluded, based on the CUA caseworker's testimony, that Child is not bonded to Father. Rather, her primary bond is with her foster parent. In addition, the court noted that for the almost two years before the termination hearing, Father had been unable to meet Child's emotional, physical, and developmental needs, or provide Child with a healthy, safe environment. The record supports the trial court's determination that Section 2511(b) was met.

In summary, we reject Father's arguments that the trial court committed an error of law or abuse of discretion. We therefore affirm the decree of the trial court involuntarily terminating Father's parental rights.

Decree affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/18